IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DISABILITY RIGHTS OHIO** : | |
| : | |
| **Plaintiff,** : | Case No.: 2:18-cv-894 |
| : | |
| : | **Judge:** |
| **v.** : | |
| : | |
| : | |
| **The Buckeye Ranch, Inc.** : | **Magistrate Judge:** |
| : | |
| : | |
| **Defendant.** : | |
| : | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND COSTS**

**I.    INTRODUCTION**

1.    This action seeks to enjoin The Buckeye Ranch, Incorporated ("Buckeye Ranch"), from continuing to violate federal and state laws that grant Plaintiff Disability Rights Ohio reasonable unaccompanied access to youth and records for the purpose of fulfilling its mandate as the protection and advocacy system for people with disabilities in Ohio.

2.    Due to Defendants' continuing violation of federal and state law, Plaintiff Disability Rights Ohio seeks declaratory and preliminary and permanent injunctive relief to enjoin Defendants from denying reasonable unaccompanied access to youth institutionalized at Buckeye Ranch as well as records, specifically video recordings of the youth.  Plaintiff Disability

{00480589-3}

Rights Ohio files suit and seeks relief as described after making repeated efforts to resolve this matter with the Defendants.  Plaintiff Disability Rights Ohio also seeks costs and any other available relief.

3. Each paragraph of this Complaint incorporates all others without specific restatement.

## II. JURISDICTION AND VENUE

4. Jurisdiction is vested in this Court as this case raises a question of general federal law, 28 U.S.C. § 1331, and under this Court's supplemental jurisdiction as to Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Plaintiff's cause of action arises under the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 *et seq.*; the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("PADD Act"), 42 U.S.C. § 15041 *et seq.*; the Protection and Advocacy for Individual Rights Act ("PAIR Act"), 29 U.S.C. § 794e; and Ohio Rev. Code § 5123.601.  Costs may be awarded pursuant to Fed. R. Civ. P. 54.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1.  Defendants are located in this district, and the events and omissions complained of occurred in this district.

## III. PARTIES

7. Plaintiff Ohio Disability Law and Policy Center, dba, Disability Rights Ohio is a non-profit corporation duly incorporated in the state of Ohio.  Plaintiff Disability Rights Ohio is designated by the Governor of the State of Ohio as the protection and advocacy system for people with disabilities in Ohio.  *Exec. Orders 2012-05K* and *2015-10K*; Ohio Rev. Code § 5123.60-601.  Plaintiff Disability Rights Ohio files this Complaint in its own name to redress injuries to itself in fulfilling its mandate to protect and advocate for the rights of people with

disabilities in Ohio.

8. Plaintiff Disability Rights Ohio's office is located at 200 Civic Center Dr., Ste. 300, Columbus, Ohio, 43215.

9. Congress established the protection and advocacy ("P&A") system in 1975 to protect and advocate for the rights of persons with developmental disabilities, and reauthorized the system in the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (the "PADD Act"). 42 U.S.C. § 15041 *et seq.* Congress provided P&A systems with the authority to investigate incidents of abuse and neglect against individuals with developmental disabilities and pursue legal, administrative, and other remedies on their behalf. 42 U.S.C. § 15043(a). Congress thereafter expanded the scope of the P&A system to provide protection and advocacy services to all persons with disabilities. The Protection and Advocacy for Individuals with Mental Illness Act of 1986 (the "PAIMI Act") provides for the protection of rights of individuals with mental illness, 42 U.S.C. § 10801 *et seq.*; and the Protection and Advocacy of Individual Rights Program (the "PAIR Act") was created to protect the rights of all other individuals with disabilities who are not covered under the PADD and PAIMI Acts. 29 U.S.C. § 794e *et seq.*

10. Pursuant to these laws, Plaintiff Disability Rights Ohio has a federal mandate to protect and advocate for the rights of persons with disabilities in Ohio, including youth with disabilities who are institutionalized in facilities such as Buckeye Ranch. Among other activities, Plaintiff Disability Rights Ohio travel across the state of Ohio investigating allegations of abuse and neglect in facilities.

11. Defendant The Buckeye Ranch, Incorporated, (hereinafter "Buckeye Ranch") is a not for profit corporation created under and governed by the laws of the State of Ohio.

12. Defendant Buckeye Ranch is located at 5665 Hoover Road, Grove City, Ohio,

43123.

13. Defendant Buckeye Ranch operates a residential treatment facility (i.e. class one facility) for children with mental illness.

14. Defendant Buckeye Ranch's residential treatment facility is licensed by the Ohio Department of Mental Health.

15. Approximately 100 children with mental illness can be served by Defendant's licensed residential facilities.

16. Further, Defendant Buckeye Ranch is a certified mental health agency.

17. Upon information and belief, many of the youth who are institutionalized at Defendant Buckeye Ranch are in the custody of a children services board.

19. Individuals with mental illness, developmental disabilities, and/or other physical or mental impairments that substantially limit one or more major life activities of such individuals are institutionalized at Defendant Buckeye Ranch.

20. Youth who are institutionalized at Buckeye Ranch receive care, treatment, services, supports, and habilitation including, but not limited to: screening, evaluation, counseling, behavioral therapies, medication treatment and supervision, assistive devices, and special education services.

21. Defendant Buckeye Ranch is a facility as defined in 42 U.S.C. § 10802(3) and 42 C.F.R. § 51.2.

22. Defendant Buckeye Ranch is also a location, as provided in 42 U.S.C. § 15043(a)(2)(H), and a service provider, as provided in 42 C.F.R. § 1326.27(c), because services, supports, and other assistance are provided there to individuals with disabilities.

### IV. STATEMENT OF FACTS

23. In late July 2018, Plaintiff Disability Rights Ohio received four incident reports

regarding the use of unapproved restraint techniques on the youth at Buckeye Ranch.

24. On July 24, 2018, Plaintiff Disability Rights Ohio requested copies of the video footage pertaining to each of the four incidents of unapproved restraint techniques.

25. Defendant Buckeye Ranch provided some video footage; however the video provided cut off prematurely, sometimes in the middle of the incident, and no video shows the events preceding the event or subsequent to the event.

26. Given the risk of severe injury to the youth when restraint is used inappropriately, Disability Rights Ohio determined that it needed additional video footage.

27. On July 30, 2018, Plaintiff Disability Rights Ohio requested all video from all camera angles for each of the incidents as well as video for one hour prior to the event and one hour after the event occurred. This information is necessary to provide a full context of the incident, including what triggered the restraint, any de-escalation techniques that were used prior to the restraint, and how the restraint was subsequently processed with the youth.

28. On August 9, 2018, Defendant Buckeye Ranch denied Disability Rights Ohio the video requested.

29. On August 13, 2018, upon request of Defendant Buckeye Ranch Plaintiff Disability Rights Ohio provided Defendant Buckeye Ranch with additional information regarding its federal and state authority to access the video footage requested. Plaintiff Disability Rights Ohio included information regarding the basis (i.e. "probable cause") that triggered Plaintiff Disability Rights Ohio's authority to access the video requested.

32. On August 16, 2018, Defendant Buckeye Ranch again denied Plaintiff Disability Rights Ohio access to the video requested.

33. On August 16, 2018, Plaintiff Disability Rights Ohio informed Defendant

Buckeye Ranch that Disability Rights Ohio intended to complete a site visit at Buckeye Ranch that same day, including interviewing the youth at the facility who were the subjects of the videos.  Disability Rights Ohio also informed Defendant Buckeye Ranch of its intention to interview all youth at the facility over the course of the next week.  Finally, Disability Rights Ohio requested that Defendant Buckeye Ranch provide Disability Rights Ohio with the names and contact information for the parents/guardians of all children in the facility.

34. Speaking to youth institutionalized at Buckeye Ranch provides Disability Rights Ohio with a richer understanding of the events being investigated, including how often restraints are used and for what purposes. Interviews may also reveal other concerns, including possible instances of abuse, neglect, or rights violations that were not observable on the videos or in any reports.

35. Plaintiff Disability Rights Ohio's authority to speak confidentially with youth is an important oversight component for facilities like Buckeye Ranch.

36. Initially, Defendant Buckeye Ranch agreed to allow Disability Rights Ohio to interview two of youth still at the facility who are the subjects of the video but denied access to speak to any other youth without prior consent from the parents/guardians.

37. Plaintiff Disability Rights Ohio provided Defendant Buckeye Ranch with information regarding its federal and state access authority to "unaccompanied access to residents [including minors and adults with legal guardians] at all times necessary to conduct a full investigation of an incident of abuse or neglect."  And Plaintiff Disability Rights Ohio reiterated its request for the list of the names and contact information for the parents/guardians, including the contact information for the parents/guardians of two children who were recently discharged.

38. On August 16, 2018, Defendant Buckeye Ranch denied Plaintiff Disability Rights Ohio access to the facility, access to speak to any of the youth (including the two it already agreed to make available), and access to the requested records. Defendant Buckeye Ranch has also not agreed to provide the list of parent/guardian contact information.

39. At all times, Plaintiff Disability Rights Ohio cooperatively provided Buckeye Ranch with information about the purpose and reasonableness of Plaintiff Disability Rights Ohio's investigative activities, the federal and state laws regarding Plaintiff Disability Rights Ohio, and federal court cases that clearly described Plaintiff Disability Rights Ohio's authority to access the video requested and to have reasonable unaccompanied access to speak with youth at the facility.

## V. LEGAL CLAIMS

### A. First Claim for Relief: Based on Violation of the PAIMI Act and Implementing Regulations

40. As the designated protection and advocacy system for individuals with disabilities in Ohio, Plaintiff Disability Rights Ohio has access to facilities in Ohio providing care or treatment to individuals with mental illness. 42 U.S.C. § 10805(a)(3).

41. Plaintiff Disability Rights Ohio is charged to investigate instances of abuse and neglect of individuals with mental illness. 42 C.F.R. § 51.42(b).

42. Plaintiff Disability Rights Ohio is authorized to have reasonable unaccompanied access to public and private facilities and programs in the State, which render care or treatment for individuals with mental illness, and to all areas of the facility which are used by residents or are accessible to residents. 42 C.F.R. § 51.42(b).

43. The P&A system shall have reasonable unaccompanied access to residents at all times necessary to conduct a full investigation of an incident of abuse or neglect. Residents

include adults or minors who have legal guardians or conservators. 42 C.F.R. § 51.42(b) and (d).

44. Unaccompanied access to residents includes the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail and in person. 42 C.F.R. § 51.42(d).

45. The P&A system also has: access to the records of any of the following individuals with mental illness:

    **a)** An individual who is a client of the P&A system if authorized by that individual or the legal guardian, conservator or other legal representative.

    **b)** An individual, including an individual who has died or whose whereabouts is unknown to whom all of the following conditions apply:

        1) The individual, due to his or her mental or physical condition, is unable to authorize the P&A system to have access.

        2) The individual does not have a legal guardian, conservator or other legal representative, or the individual's guardian is the State or one of its political subdivisions; and

        3) A complaint or report has been received and the P&A system has determined that there is probable cause to believe that the individual has been or may be subject to abuse or neglect.

    **c)** An individual who has a legal guardian, conservator, or other legal representative, with respect to whom a complaint or report has been received by the P&A system and with respect to whom the P&A system has determined that there is probable cause to believe that the health or safety of the individual is in serious and immediate jeopardy, whenever all of the following conditions exists:

        4) The P&A system has made a good faith effort to contact the representative upon prompt receipt of the representative's name and address;

        5) The P&A system has made a good faith effort to offer assistance to the representative to resolve the situation; and

        6) The representative has failed or refused to act on behalf of the individual. 42 C.F.R. § 51.41(b)

46. Plaintiff Disability Rights Ohio received several complaints of the use of

unapproved restraint techniques at Buckeye Ranch.  These incidents were captured on video.  Such incidents provide Disability Rights Ohio with probable cause to believe that abuse and neglect has occurred or is occurring at Buckeye Ranch.  The additional information requested is necessary to conduct a full investigation of abuse and neglect.

47. Disability Rights Ohio requested the name and contact information for the parents/guardians; however, Buckeye Ranch has provided no indication of its intent to provide such information. Further, given the risk of severe injury unapproved restraints may cause, Disability Rights Ohio has probable cause to believe that the health and safety of the youth at Buckeye Ranch are in serious and immediate jeopardy.

48. Defendant Buckeye Ranch refused Plaintiff Disability Rights Ohio's attempt to conduct a site visit and interview youth at the facility.

49. Defendants' refusal to provide Plaintiff Disability Rights Ohio with reasonable unaccompanied access to the facility, residents, and records violates the PAIMI Act and its implementing regulations.

50. Defendants' violation of the PAIMI Act and its implementing regulations frustrates and interferes with Plaintiff Disability Rights Ohio's federal mandate to protect people with disabilities in Ohio; provide legal advocacy for people with disabilities; determine whether an investigation by Plaintiff Disability Rights Ohio should be conducted; and determine whether corrective action should be taken.

51. Defendants' violation of the PAIMI Act and its implementing regulations frustrates the rights of youth institutionalized at Buckeye Ranch to have access to a meaningful and effective protection and advocacy system.

52. Pursuant to 42 U.S.C. § 10805(a)(1)(B), Plaintiff Disability Rights Ohio is

authorized to pursue administrative, legal, and other appropriate remedies to ensure the protection of individuals with mental illness who are receiving care or treatment in Ohio.

53. Plaintiff Disability Rights Ohio is entitled to relief under 42 U.S.C. § 10805(a)(3) and 42 C.F.R. § 51.41(c).

### B. Second Claim for Relief: Based on the Violation of the PADD Act, Implementing Regulations, and 42 U.S.C. § 1983

54. Plaintiff Disability Rights Ohio is authorized to have access at reasonable times to any individual with a developmental disability in a location in which services, supports, and other assistance are provided to such an individual. 42 U.S.C. § 15043(a)(2)(H).

55. Plaintiff Disability Rights Ohio is authorized to have unaccompanied access to individuals with developmental disabilities at all times necessary to conduct a full investigation of an incident of abuse and neglect. 45 C.F.R. § 1326.27(b).

56. Access to individuals with developmental disabilities includes the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail, and in person. 45 C.F.R. § 1326.27(d).

57. A P&A system shall have reasonable unaccompanied access to public and private service providers, programs in the State, and to all areas of the service provider's premises that are used by individuals with developmental disabilities or are accessible to them. Such access shall be provided without advance notice and made available immediately upon request. This authority shall include the opportunity to interview any individual with developmental disability, employee, or other persons, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation. . 45 C.F.R. § 1326.27(b).

58. The P&A system also has access to the records of individuals with developmental

disabilities under the following circumstances:

- **a)** (1) If authorized by an individual who is a client of the system, or who has requested assistance from the system, or by such individual's legal guardian, conservator or other legal representative.

- **b)** (2) In the case of an individual to whom all of the following conditions apply:

    1) (i) The individual, due to his or her mental or physical condition, is unable to authorize the system to have access;

    2) (ii) The individual does not have a legal guardian, conservator or other legal representative, or the individual's guardian is the State (or one of its political subdivisions); and

    3) (iii) The individual has been the subject of a complaint to the P&A system, or the P&A system has probable cause (which can be the result of monitoring or other activities including media reports and newspaper articles) to believe that such individual has been subject to abuse and neglect.

- **c)** (3) In the case of an individual, who has a legal guardian, conservator, or other legal representative, about whom a complaint has been received by the system or, as a result of monitoring or other activities, the system has determined that there is probable cause to believe that the individual with developmental disability has been subject to abuse or neglect, whenever the following conditions exist:

    1) (i) The P&A system has made a good faith effort to contact the legal guardian, conservator, or other legal representative upon prompt receipt (within the timelines set forth in paragraph (c) of this section) of the contact information (which is required to include but not limited to name, address, telephone numbers, and email address) of the legal guardian, conservator, or other legal representative;

    2) (ii) The system has offered assistance to the legal guardian, conservator, or other legal representative to resolve the situation; and

    3) (iii) The legal guardian, conservator, or other legal representative has failed or refused to provide consent on behalf of the individual.

    4) (4) If the P&A determines there is probable cause to believe that the health or safety of an individual is in serious and immediate jeopardy, no consent from another party is needed. 45 C.F.R. § 1326.25

{00480589-3}          11

59. Plaintiff Disability Rights Ohio received several complaints of the use of unapproved restraint techniques at Buckeye Ranch. These incidents were captured on video. Such incidents provide Disability Rights Ohio with probable cause to believe that abuse and neglect has occurred or is occurring at Buckeye Ranch. The additional information requested is necessary to conduct a full investigation of abuse and neglect.

60. Disability Rights Ohio requested the name and contact information for the parents/guardians; however, Buckeye Ranch has provided no indication of its intent to provide such information. Further, given the risk of severe injury unapproved restraints may cause, Disability Rights Ohio has probable cause to believe that the health and safety of the youth at Buckeye Ranch are in serious and immediate jeopardy.

61. Defendant Buckeye Ranch refused Plaintiff Disability Rights Ohio's attempt to conduct a site visit and interview youth at the facility.

Defendants' refusal to allow Plaintiff Disability Rights Ohio reasonable unaccompanied access to the facility, residents, and records at Buckeye Ranch violates the PADD Act and its implementing regulations.

62. Defendants' violation of the PADD Act and its implementing regulations frustrates and interferes with Plaintiff Disability Rights Ohio's federal mandate to protect people with disabilities in Ohio; provide legal advocacy for people with disabilities; determine whether an investigation by Plaintiff Disability Rights Ohio should be conducted; and determine whether corrective action should be taken.

63. Defendants' violation of the PADD Act and its implementing regulations frustrates the rights of youth institutionalized at Buckeye Ranch to have access to a meaningful and effective protection and advocacy system.

64. Pursuant to 42 U.S.C. § 15043(a)(2)(A)(i), Plaintiff Disability Rights Ohio is authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within Ohio who are or who may be eligible for treatment, services, or habilitation.

65. Plaintiff Disability Rights Ohio is entitled to relief under 42 U.S.C. § 15043(a)(2)(H), and 45 C.F.R. § 1326.27(d).

### C. Third Claim for Relief: Based on Violation of the PAIR Act, Implementing Regulations, and 42 U.S.C. § 1983

66. The PAIR Act provides Plaintiff Disability Rights Ohio with the authority to serve individuals with disabilities who are not otherwise eligible for protection and advocacy services under either the PADD Act or PAIMI Act. 29 U.S.C. § 794e(a)(1).

67. The PAIR Act incorporates the same general authorities of access as are found in the PADD Act. 29 U.S.C. § 794e(f)(2).

68. Plaintiff Disability Rights Ohio is authorized to have access at reasonable times to any individual with a disability in a location in which services, supports, and other assistance are provided to such an individual. 42 U.S.C. § 15043(a)(2)(H).

69. Plaintiff Disability Rights Ohio is authorized to have unaccompanied access to individuals with a disability including, but not limited to, the opportunity to meet and communicate privately with individuals regularly, both formally and informally, by telephone, mail, and in person. 45 C.F.R. § 1326.27(d).

70. A P&A system shall have reasonable unaccompanied access to public and private service providers, programs in the State, and to all areas of the service provider's premises that are used by individuals with developmental disabilities or are accessible to them. Such access shall be provided without advance notice and made available immediately upon request. This

authority shall include the opportunity to interview any individual with developmental disability, employee, or other persons, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation. . 45 C.F.R. § 1326.27(b).

71. The P&A system also has access to the records of individuals with developmental disabilities under the following circumstances:

- **a)** (1) If authorized by an individual who is a client of the system, or who has requested assistance from the system, or by such individual's legal guardian, conservator or other legal representative.

- **b)** (2) In the case of an individual to whom all of the following conditions apply:

    1) (i) The individual, due to his or her mental or physical condition, is unable to authorize the system to have access;

    2) (ii) The individual does not have a legal guardian, conservator or other legal representative, or the individual's guardian is the State (or one of its political subdivisions); and

    3) (iii) The individual has been the subject of a complaint to the P&A system, or the P&A system has probable cause (which can be the result of monitoring or other activities including media reports and newspaper articles) to believe that such individual has been subject to abuse and neglect.

- **c)** (3) In the case of an individual, who has a legal guardian, conservator, or other legal representative, about whom a complaint has been received by the system or, as a result of monitoring or other activities, the system has determined that there is probable cause to believe that the individual with developmental disability has been subject to abuse or neglect, whenever the following conditions exist:

    1) (i) The P&A system has made a good faith effort to contact the legal guardian, conservator, or other legal representative upon prompt receipt (within the timelines set forth in paragraph (c) of this section) of the contact information (which is required to include but not limited to name, address, telephone numbers, and email address) of the legal guardian, conservator, or other legal representative;

{00480589-3} 14

      2) (ii) The system has offered assistance to the legal guardian, conservator, or other legal representative to resolve the situation; and

      3) (iii) The legal guardian, conservator, or other legal representative has failed or refused to provide consent on behalf of the individual.

    **d)** (4) If the P&A determines there is probable cause to believe that the health or safety of an individual is in serious and immediate jeopardy, no consent from another party is needed. 45 C.F.R. § 1326.25

72. Plaintiff Disability Rights Ohio received several complaints of the use of unapproved restraint techniques at Buckeye Ranch. These incidents were captured on video. Such incidents provide Disability Rights Ohio with probable cause to believe that abuse and neglect has occurred or is occurring at Buckeye Ranch. The additional information requested is necessary to conduct a full investigation of abuse and neglect.

73. Disability Rights Ohio requested the name and contact information for the parents/guardians; however, Buckeye Ranch has provided no indication of its intent to provide such information. Further, given the risk of severe injury unapproved restraints may cause, Disability Rights Ohio has probable cause to believe that the health and safety of the youth at Buckeye Ranch are in serious and immediate jeopardy.

74. Defendant Buckeye Ranch refused Plaintiff Disability Rights Ohio's attempt to conduct a site visit and interview youth at the facility.

75. Defendants' refusal to allow Plaintiff Disability Rights Ohio reasonable unaccompanied access to the facility, youth, and to records violates the PAIR Act and its implementing regulations.

76. Defendants' violation of the PAIR Act and its implementing regulations frustrates and interferes with Plaintiff Disability Rights Ohio's federal mandate to protect people with disabilities in Ohio; provide legal advocacy for people with disabilities; determine whether an

investigation by Plaintiff Disability Rights Ohio should be conducted; and determine whether corrective action should be taken.

77. Defendants' violation of the PAIR Act and its implementing regulations frustrates the rights of youth institutionalized at Buckeye Ranch to have access to a meaningful and effective protection and advocacy system.

78. Pursuant to 29 U.S.C. § 794e(f)(3), Plaintiff Disability Rights Ohio is authorized to pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within Ohio who are or who may be eligible for treatment, services, or habilitation.

79. Plaintiff Disability Rights Ohio is entitled to relief under 29 U.S.C. § 794e(f)(2).

**D. Fourth Claim for Relief:  Based on Violations of Ohio Rev. Code § 5123.601**

80. Plaintiff Disability Rights Ohio shall have ready access "[d]uring normal business hours and at other reasonable times, all records, except records of community residential facilities and records of contract agencies of county boards of developmental disabilities and boards of alcohol, drug addiction, and mental health services, relating to expenditures of state and federal funds or to the commitment, care, treatment, and habilitation of all persons represented by the Ohio protection and advocacy system, including those who may be represented pursuant to division (D) of this section, or persons detained, hospitalized, institutionalized, or receiving services under this chapter or Chapter 340., 5119., 5122., or 5126. of the Revised Code that are records maintained by the following entities providing services for those persons: departments; institutions; hospitals; boards of alcohol, drug addiction, and mental health services; county boards of developmental disabilities; and any other entity providing services to persons who may be represented by the Ohio protection and advocacy system

pursuant to division (D) of this section. Ohio Rev. Code § 5123.601(A)(1).

81. The videos Disability Rights Ohio requested are records maintained Buckeye Ranch. Buckeye Ranch is an "institution" as defined in Ohio Rev. Code 5123.01(J) and Ohio Admin. Code § 5122-30-03 (42)(a).

82. Plaintiff Disability Rights Ohio shall have ready access, at any time, to all persons detained, hospitalized, or institutionalized; persons receiving services under this chapter or Chapter 340., 5119., 5122., or 5126. of the Revised Code. Ohio Rev. Code § 5123.601(A)(4).

83. The youth with whom Plaintiff Disability Rights Ohio wishes to speak are "institutionalized" at Defendant Buckeye Ranch.

84. Based on Plaintiff Disability Rights Ohio's experience with facilities such as Buckeye Ranch, it is highly likely that youth at Buckeye Ranch receive services under Chapters 5123 (developmental disabilities), 340 (alcohol and drug addiction services), 5119 (mental health and addiction services), or 5123/5126 (developmental disabilities).

85. Defendants' refusal to allow Plaintiff Disability Rights Ohio to have ready access to records or the youth at Buckeye Ranch violates Ohio Rev. Code § 5123.601.

86. Plaintiff Disability Rights Ohio is entitled to relief under Ohio Rev. Code § 5123.601.

## VI. NECESSITY FOR INJUNCTIVE RELIEF

87. The Defendants have acted and continue to act in violation of the law as explained above. Plaintiff Disability Rights Ohio and the youth it is mandated to serve do not have an adequate remedy at law and will be irreparably harmed if Defendants are permitted to continue blocking Plaintiff Disability Rights Ohio's access to investigate incidents of abuse and neglect at Buckeye Ranch.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Disability Rights Ohio requests the following relief:

A. a declaratory judgment that Defendants have violated Plaintiff Disability Rights Ohio's rights under the PAIMI Act, PADD Act, PAIR Act, and Ohio Rev. Code § 5123.601.

B. an injunction ordering Defendants to provide Plaintiff Disability Rights Ohio with reasonable unaccompanied access to speak privately with the youth institutionalized at Buckeye Ranch pursuant to its federal and state authority;

C. an injunction ordering Defendants to provide Plaintiff Disability Rights Ohio with reasonable unaccompanied access to the facility at Buckeye Ranch pursuant to its federal and state authority;

D. an injunction ordering Defendants to provide Plaintiff Disability Rights Ohio with requested videos pursuant to its federal and state authority;

E. an award of costs pursuant to Fed. R. Civ. Proc. 54;

and

F. any other relief that the Court deems appropriate.

Respectfully Submitted,

s/ Laura Osseck
Laura Osseck (0082231)
losseck@disabilityrightsohio.org
Kerstin Sjoberg (0076405)
ksjoberg@disabilityrightsohio.org
DISABILITY RIGHTS OHIO
200 Civic Center Dr., Ste. 300
Columbus, Ohio 43215
Telephone: 614-466-7264
Facsimile: 614-644-1888