# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS BETWEEN DISABILITY RIGHTS OHIO AND THE BUCKEYE RANCH INC.

This Settlement Agreement and Release of Claims ("Agreement") is entered this 25th day of July, 2019 by and between The Ohio Disability Rights Law and Policy Center, Inc., dba Disability Rights Ohio ("Disability Rights Ohio"), 300 Civic Center Dr., Columbus, OH 43215, an Ohio non-profit corporation and The Buckeye Ranch, Inc., ("TBR" or "Buckeye Ranch"), 5665 Hoover Rd., Grove City, OH 43123, an Ohio non-profit corporation.

### RECITALS

**WHEREAS:** Disability Rights Ohio and TBR are parties to litigation pending in the U.S. District Court for the Southern District of Ohio, being Case Nos. 2018-cv-894 and 2018-cv-906 ("Lawsuits"); and,

**WHEREAS:** Disability Rights Ohio and TBR entered into a Partial Agreement in Aid of Mediation on July 19, 2019, disposing of some of the issues between them ("Partial Agreement"), which Partial Agreement the parties adopt and incorporate as if fully rewritten herein; and,

**WHEREAS:** Disability rights Ohio and TBR have agreed to resolve all remaining issues, and to dismiss the Lawsuits as provided for herein; now,

**THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Disability Rights Ohio and TBR agree to the following:

### TERMS AND CONDITIONS

**I.    INVESTIGATION ACCESS AGREEMENT**

**A.**   **Scope**: This Access Agreement is intended to resolve all disputes and claims between Ohio Disability Rights Law and Policy Center d/b/a Disability Rights Ohio ("Disability Rights Ohio") and The Buckeye Ranch, Inc. ("Buckeye Ranch") relating to Disability Rights Ohio's authority to access information, including access to records, the facility, residents and staff of Buckeye Ranch pursuant to the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act (42

U.S.C. § 10801 *et seq.*) and its implementing regulations (42 C.F.R. Part 51); the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15043 *et seq.* ("PADD") and its implementing regulations (45 C.F.R. Part 1326); and, the Protection and Advocacy of Individual Rights Program, 29 U.S.C. § 794e ("PAIR") for purposes of completing investigations of possible abuse and neglect. This Agreement does not cover Disability Rights Ohio's access authority to complete monitoring activities which was not an issue raised in the Lawsuits.

**B.  Access to residents, the facility, and records**

1.  Buckeye Ranch acknowledges that Disability Rights Ohio is a non-profit corporation and designated by the Governor of Ohio as the protection and advocacy system for Ohio.

2.  In circumstances where (1) an incident is reported or a complaint is made to Disability Rights Ohio; or, (2) Disability Rights Ohio determines there is probable cause to believe that an incident has or may have occurred; or, (3) Disability Rights Ohio determines that there is or may be imminent danger of serious abuse or neglect of a youth at Buckeye Ranch, The Buckeye Ranch shall provide to Disability Rights Ohio:

> a) Reasonable unaccompanied (i.e. private and confidential) access to residents, who are subjects of a report or complaint or for whom Disability Rights Ohio has probable cause to believe that an incident has or may have occurred, at all times necessary to conduct a full investigation of an incident of abuse or neglect. Reasonable access to the residents must be provided upon request. In non-emergency situations, Disability Rights shall provide reasonable notice to Buckeye Ranch.
>
> b) Reasonable unaccompanied access to any other persons that Disability Rights Ohio determines may have knowledge of the incident under investigation, including any facility service recipient, employee, or other persons. Reasonable access to other persons must be provided upon request. In non-emergency situations, Disability Rights shall provide reasonable notice to Buckeye Ranch.

2

c) Reasonable unaccompanied access to the facility including all areas that are used by or accessible to the residents. Access to the facility must be provided upon request. In non-emergency situations, Disability Rights shall provide reasonable notice to Buckeye Ranch.

d) Upon request by Disability Rights Ohio, access to any records that Disability Rights Ohio determines are relevant to any investigation and to which Disability Rights Ohio has access under 42 U.S.C. § 10805, 42 C.F.R. § 51.41, 42 U.S.C. § 15043, 45 C.F.R. § 1326.25, and 29 U.S.C. § 794e. The types of records to which Disability Rights Ohio may have access to include, but are not limited to:

   i. Subject to Section C below, records pertaining to individuals, reports prepared by investigative agencies and supporting information; discharge planning records; reports prepared by entities performing licensure reviews; demographic and statistical information relating to the facility; professional, performance, building or other safety standards; information regarding status, discharge, or transfer of residents; policy and procedures manuals maintained by the facility; court documents; hospital records; quality assurance documents; personnel records; records of transporting entities; and, physical and documentary evidence reviewed with related investigative findings.

ii. DRO has authority to access records in various mediums, including, but not limited to: written or in another medium, draft or final, including handwritten notes, electronic files, photographs or video or audio tape records.

e) Disability Rights Ohio may investigate reports of abuse and neglect it obtains, regardless of the source of the report, including, but not limited to, reports made to Buckeye Ranch or the Ohio Department of Mental Health and Addiction Services and then provided to Disability Rights Ohio.

f) Disability Rights Ohio is not required to obtain consent from the residents' parents/guardians prior to interviewing the residents or accessing the facility where the residents reside for purposes of investigating reports of abuse and neglect.

g) Disability Rights Ohio is not required to attempt to obtain consent from the residents' parents/guardians for those residents who are wards of the State or one of its political subdivisions prior to obtaining records requested in relation to any incident(s).

3

      h) If a child's guardian is someone other than a children services agency or other state entity/political subdivision, Buckeye Ranch shall immediately provide Disability Rights Ohio with the name and contact information for the guardian. Disability Rights Ohio will make a good faith effort to contact the guardian. In instances where Disability Rights Ohio has received a complaint or has probable cause to believe that a resident is subject to serious and immediate jeopardy, and has contacted the guardian and the guardian fails or refuses to act on behalf of the child, Disability Rights Ohio shall have access to all records it has requested and to which it has access to as described in paragraph A(3)(d) above, without further requests for information from Buckeye Ranch, consents or approvals.

      i) DRO shall report to The Buckeye Ranch any information regarding the occurrence of alleged abuse or neglect that it may discover during any interviews or monitoring activities so long as this would not violate DRO's confidentiality requirements.

3.    Disability Rights Ohio shall minimize interference with the residents' school, therapies, or other important activities based upon the residents' schedule provided to Disability Rights Ohio. The residents and other persons have the right not to talk to or meet with Disability Rights Ohio or to terminate the interview at any time.

**C.    Reports and Probable Cause:**

    1. If Disability Rights Ohio obtains a report of abuse or neglect, it is not also required to establish probable cause for the purpose of triggering its authority to investigate the incident and access residents, witnesses, staff, the facility, or records relating to the investigation.

    2. Disability Rights Ohio is the final arbiter of whether probable cause exists for the purpose of triggering its authority to access all records of an individual who may have been subject to abuse or neglect.

    3. For the purpose of requests for records that relate to the facility or to residents for whom a complaint or report has not been received, but for whom Disability Rights Ohio has probable cause to believe has been or may be subject to abuse or neglect, Buckeye Ranch may

4

request Disability Rights Ohio's basis for probable cause. Disability Rights Ohio is not required to provide confidential information to Buckeye Ranch. If the parties cannot agree on whether there is sufficient probable cause to necessitate the production of the requested documents related to the facility or to residents for whom a complaint or report has not been received, but for whom Disability Rights Ohio has probable cause to believe has been or may be subject to abuse or neglect, the parties will attempt to resolve the issue through informal means. If the parties cannot agree, Disability Rights Ohio may apply to the Court for an order enforcing this Agreement.

**D.     Communication/Enforcement Protocol:**

1. All requests for records by Disability Rights Ohio shall be made to TBRQ1@buckeyeranch.org, or to such other person who Buckeye Ranch may designate in writing from time to time.

2. If Disability Rights Ohio determines to give notice to Buckeye Ranch prior to accessing residents, other persons, or the facility, such notice shall be made at least 24 hours in advance to TBRQ1@buckeyeranch.org.

**II.    RELEASE AND DISMISSAL OF CLAIMS**

The parties hereby release and forever discharge the other from any and all claims such party may have against the other, its employees, agents, representatives, attorneys, members of its board of trustees, officers, affiliated organizations, attorneys and insurers, and the parties covenant not to sue or otherwise assert any claims or actions against them arising from or relating to any of their actions or omissions occurring prior to the execution of this Agreement. Within five (5) business days of the execution of this Agreement, the parties shall file a stipulation of dismissal with prejudice in the cases styled *Buckeye Ranch v. Disability Rights Ohio,* Case No. 2:18-cv-906,

5

United States District Court for the Southern District of Ohio, Eastern Division and *Disability Rights Ohio v. Buckeye Ranch,* Case No. 2:18-cv-894, United States District Court, Southern District of Ohio, Eastern Division. The stipulations of dismissal shall include a request that the Court incorporate the terms of this Agreement into its dismissal order and retain jurisdiction for the limited purpose of enforcing the Agreement's terms. The parties shall each be responsible for their own costs and attorney fees.

**WHEREFORE,** the parties have set their hands hereunto on the date first noted above, reflecting their agreement to the terms hereof.

_____
Michael Kirkman, Executive Director
on behalf of Disability Rights Ohio

_____
Vickie Thompson-Sandy, President
on behalf of The Buckeye Ranch, Inc.